FORBES v. HAAS.

*(Superior Court of New York City, General Term.   May 5, 1890.)*

PRINCIPAL AND AGENT—PROOF OF AGENT'S AUTHORITY.
    The obligor in an agreement to pay money cannot show an arrangement made by him, prior to the agreement, with a third person, in the absence of the obligee, whereby the obligor was to be released from the agreement, there being no evidence that the third person was the obligee's agent.

Appeal from jury term.

Action by Robert W. Forbes against Frederick Haas.   From a judgment for plaintiff, and from an order denying his motion for a new trial, defendant appeals.

*Samuel Greenbaum*, for appellant.   *Henry S. Foster*, for respondent.

SEDGWICK, C. J.   The action was by plaintiff, as payee, against the defendant, as maker, of the following instrument:

"In consideration of the payment by Robert W. Forbes of the sum of $1,100 for the rent now due, of the Colosseum Company, I hereby promise and agree, if the said Robert W. Forbes is not repaid the said sum of $1,100 within two months from date, to pay him the sum of $500, with interest from date, on demand.                                                                 FRED'K HAAS.

"*Dated, New York, March* 11, 1885."

The defense was that the plaintiff had been repaid the rent in the sum of $1,100.   To sustain this defense the defendant proposed to prove an arrangement that had been made before the instrument was signed.   The arrangement, it was conceded, had not been made when the plaintiff was present. The defendant took the position that the plaintiff was bound by the arrangement, because one party to it was Charles Forbes, and that Charles Forbes then acted as the agent of the plaintiff.   The court was right in overruling questions asked to show what was the arrangement.   At the time the questions were asked no facts were in evidence which tended to show that Charles Forbes was the agent of the plaintiff in respect of the matter in controversy. The defendant's counsel, moreover, declared that what he desired to prove in connection with Charles Forbes was that at the time the defendant agreed to contribute $500 to the rent "it was understood that the payment of the rent was to have a prior lien to all others under a mortgage" for $20,000 made by the company, and that that arrangement was made with Charles Forbes.   The counsel also said that the understanding prior to the time the note was given was that money to be advanced by the different parties to the payment of rent was to have a prior lien on this $20,000 mortgage to Charles Forbes as trustee, and that he was to see that anything brought in first from the company—any collections that might be made—should be first applied to the payment of this rent.   It is manifest that such an arrangement would not be payment of rent, or result in that, until collections had been made and applied to repay the amount that had been paid for rent.

There was another claim on the trial.   It was that in July, after the making of the instrument, the plaintiff had surrendered to the company his claim against it for his payment of rent on his receiving certain bonds and mortgages and shares of the company.   The evidence was conflicting as to whether the plaintiff received the bonds and shares from the company as payment or as collateral security.   The jury competently found for the plaintiff on this issue.   The judgment and order are affirmed, with costs.   All concur.